Opinion of the Court.
THIS is a warrant-of forcible detainer, in which the filaintiff in the warrant claimed that tiie defendant was lis tenant, and held over, after the expiration of the lease; and to prove his claim, gave in evidence a writing executed by the defendant, acknowledging that he had leased the premises, and engaging to pay rent, until a certain period, when be was bound to surrender the possession to the plaintiff. The defendant attempted to deny that he entered as tenant to the plaintiff, and introduced a writ of habere facias possessionem., which appeared to have issued on a judgment in ejectment in favor of the now plaintiff in the warrant against Aza-riah Davis, who is no party to this suit, with a return thereon by the sheriff, that it was executed and the possession delivered to the now plaintiff in the warrant, on the day when the lease aforesaid bears date. He then introduced the sheriff, who was a subscribing witness to the lease, and who deposed that the lease was for the same premises on which the writ of possession-was returned executed. The defendant then offered ho prove by the sheriff, that the possession was not in *466 iact delivered, and that there was no actual execution of the writ on the premises now in dispute. The court, on the objection of the plaintiff in the warrant, excluded this evidence. The defendant in the warrant then offered to prove by other testimony, that he had, many years previous to the date of the lease in question, entered the premises as tenant to another landlord, and that he continued so to hold possession, both before, at, and ever since the date of the lease now in question, and that he never had been disturbed. This evidence was likewise excluded by the court. The defendant then moved for leave to withdraw the, habere facias posses-sionem and the return thereon, which he himself had given in evidence; but the court refus'ed to permit him.. ííc then excepted to all these opinions; and the jury having found a verdict against him, he has brought ■the case to this court.
Where apar-written clenoe ho * shall not be it •onthogmuml of its' oporat-ingmoroi.i-vornbly to hii aiivoraary than to himself-
Under what ■oivcum-stances the defendant in a writ of for-awUlct-mer may contro-’ vortiho.pos-th-vuh he had taken a Jc” from
The return a sheriff on writ of habe-sossionem^°S" ■that ho had delivered pos-pi^ntiff^is ° only prima facieeyi-w;th siran-gers. Vide ante PaS° & l’aS°4- •
*466 1. We perceive no objection to the decision of the court below, in refusing to permit the defendant in the w^Mraw the writ of possession and its rc-turn. It was, according to previous decisions of this court, good evidence to show that the plaintiff in the, wari';l1^ had tiie possession before lie leased the premises iiie plaintiff, and of course it might he presumed that the tenant took possession, from, and held under him; and if the defendant gave this evidence, which operated more in favor of Ills adversary than himself, his adversary had a right to retain it for Am benefit.
2. But although this evidence was admissible, and the court acted correctly in not suffering it to he withdrawn, yet it cannot be Conceded that it was conclusive, from any thing which appears in this record; and the court below seems to have given it a conclusive effect, aüC* no^° have permitted the defendant to disprove the truth of the return, by excluding the evidence which went to show that the defendant in the warrant had under another landlord, that his possession had noi- ',eeu disturbed, and that the writ of possession was in fact never executed upon him. According to previous decisions of this court, in construing the act of as-semMy under which these proceedings were had, if the tenaut or defendant in the warrant could show that lie had not entered under the plaintiff as tenant, but an-0,-’':iel' landlord,. and that during the continuance of his possession thus taken, he had accepted a lease from die *467 present plaintiff in the warrant, the now plaintiff could not recover against him by this remedy, as a forcible detainer. Hence, the proof offered and excluded was important, if it is admissible.
We readily concede, that this court has given to such returns a conclusive effect, particularly in the case of Smith vs. Hornback and others, heretofore decided, in wliicii case a return oí'a habere facias possessionem was so held. And at the present term-we have given to a return upon executions of another nature, the same ef-feet, in the cases' of Trigg, &c. vs. Lewis’ executors, and Jones vs. Henry, &c. But this doctrine has always been confined to parties and privies to the record, or such as stood in an attitude to be bound by what was then decided, so that the writ could have upon them its appropriate effect. But as to those who do not stand in-such a relation to the suit and proceedings, as to make it binding-upon them, although a record or writ between others may be given in evidence against them for some purposes, and on some occasions; yet it ought not to conclude their rights, and can only have the grade oí prima facie evidence. Even a judgment itself’, of a court of record, solemnly rendered, when given in evidence against a stranger, may be impeached, and be shown to be fraudulent, fictitious, and of no validity. Had the defendant in the warrant, in this instance, been proved tobe the tenant of Azariab Davis, the defendant in the writ of possession, and that be took possession under Davis, since the controversy in the ejectment commenced, and was thus a privy; or that he or his predecessor was the tenant on whom the declaration in ejectment was served, and for whom Davis defended, and was to this extent a parly to the record in ejectment, we should have no hesitation in giving to the return on the writ of possession the binding effect which the court below lias given, and in saying that the defendant ought to be estopped from saying that he did not take his present possession from the plaintiff, Gray. But this was not shown, and for any thing that'appears in the record, the present tenant was, or might have been a stranger to the whole record of the judgment in ejectment on which the writ of possession issued. Under these circumstances, the court below erred in excluding the evidence conducing to show that the pos *468 session had begun and continued under another landlord, without disturbance.
The/acts proved by a party’s own witnesses, jnaybe disproved by other testimony introduced by him,although ho is not permitted to impeach the credit ofhis pwn witnesses.
3. It may be said, that the writ of possession was the evidence of the defendant in the warrant, and therefore he ought not to have been permitted to contradict it. This conclusion does not follow from the premises. The facts proved by a party’s own witness, may be disproved by other testimony adduced by him, although he cannot impeach the credit of the witness. So, we apprehend, facts proved by other testimony may, by the party adducing it, be shown to be otherwise, by further evidence introduced by him; and he may some-i times introduce falsehood with some truth, and then, by further evidence, show how one is to be discriminated from the other.
The judgment of the court below must, therefore, he reversed, and the verdict set aside, with directions for further proceedings, not inconsistent with this opinion,