Chief Justice Robertson
delivered the Opinion of the Court.
This is a traverse of an inquistion on a warrant for a forcible entry and detainer; on the trial of which, in the circuit court, the only material question was, whether the plaintiff in the warrant, who was traversee in that court, had an actual possession of the premises at the time of the entry'by the defendants, who are now plaintiffs in error.
Without intending to intimate any opinion as to the true import and effect of the proofs, we are of the opinion, that the circuit court erred in instructing the jury that, if Hukill, who had entered as the tenant of the plaintiffs in error, had attorned to the defendant in error, without their consent, and had disclaimed to hold *214 under them, he had thereby virtually dissseized them ; and that, therefore, when he left the premises, the possession in fact devolved on the defendant in error, and that, consequently, the subsequent entry, by the plaintiffs, should be deemed a forcible entry upon the actual possession of the defendant.
A possession, by the mere occupancy of a tenant who disclaims holding of him under whom he entertered, and, with out his landlord’s consent, attorns to astran ger, is of no avail to the stran ger ; and if the landlord, after the departure of the tenant, resumes the possession, it is no forcible entry ipon the land >f him to whom ,he tenant thus mlawfully attorned.
No such attornment could have had any such operation — it would have been utterly void and ineffectual; the attornment would itself have been an implied disclaimer ; and ah express disclaimer would have been equally ineffectual. The legal character and effect of the relation of landlord and tenant cannot be changed by an illegal attornment, or by a mere disclaimer, which cannot be deemed as amounting to an' actual disseizin, unless the landlord elect to consider it as a disseizin.
Unless the defendant had obtained the actual- possession by some other means than the attornment or disclaimer by the tenant of the plaintiffs, they were not guilty of a forcible entry. We do not mean to decide, whether she might be deemed to have been in possession in fact at the time of the entry of which she corn-plains. We intend to be understood as deciding only, that an attornment and disclaimer by the tenant of the plaintiffs, without their consent, and during his occupancy, did not (alone) operate as a disseizin, or as a transference of the actual possession to the defendant ; and that, without other proof, she should not be deemed to have had the possession in fact, when the tenant abandoned the premises. And, consequently, whatever should be the effect of other facts which may have appeared on the trial, the instruction which we are considering must be deemed erroneous, and may have been prejudicial.
Wherefore, we feel constrained to reverse the judgment, and remand the case for a new trial.