# Kirk *vs* Taylor's Heirs.

## APPEAL FROM THE LAWRENCE CIRCUIT.

*Forcible entry and detainer.  Purchasers.  Tenancy.*

JUDGE SIMPSON delivered the opinion of the Court.

**Case stated.**

THIS is a writ of forcible entry and detainer, sued out by Taylor's heirs against the appellant.  The jury in the country found a verdict for the defendant in the writ.  The inquisition was traversed by Taylor's heirs, who succeeded in the Circuit Court, and from the decision in that Court, the defendant in the writ has appealed.

*A sageneral rule no irregularity in forcible entry and detainer before a Justice, will be available in the Circuit Court; much less can it be available in this Court, if not urged before the Circuit Court.*

Various objections are urged against the regularity of the proceedings in the country.  As the issue in the Circuit Court, is whether or not the inquisition be true, as a general rule, no advantage can be taken of any irregularities that may have occurred in the country.  But as no objection on this ground was made in the Court below, it cannot be made in this Court now for the first time, even had it been valid and sufficient, if made in proper time in the Circuit Court.

It appeared in evidence upon the trial, that Moses Marcum, by executory contract, had sold the land in controversy to David Crum, who entered into the possession, and had paid the purchase money.  Some time thereafter, Crum concluding that Taylor's heirs had a better title to the land, made an agreement with John W. Taylor, one of said heirs, to purchase their title. Not being able to pay the amount of purchase money stipulated, he afterwards leased the same land from Taylor, and agreed to surrender to him the possession of it on the first day of March following.  Before the first of March, he rescinded the contract he had made with Moses Marcum, from whom he first obtained the land, received back the purchase money he had paid, and agreed to deliver the possession to him.  He left

the land about the fifth day of March, Marcum being present at the time, who took immediate possession of it. The evidence is somewhat contradictory, whether Crum did or not deliver the possession to Marcum. Be this as it may, Marcum being on the land when Crum left it, retained the possesion, and Kirk, the appellant, came in under him.

It is contended on behalf of Taylor's heirs, that so soon as Crum abandoned the possession, it devolved on them by legal construction, inasmuch as Crum was their tenant, and had agreed to deliver the possession to them.

When an occupant obtains the possession of land under one man, and afterwards takes a lease from another, and holds over, he is not liable to a warrant of forcible detainer at the instance of the latter: *Helm* vs *Slader*, (1 *Marshall*, 320;) *Ball* vs *Lively*, (2 *J. J. Marshall*, 181;) *Nelson* vs *Cox*, (3 *Littell*, 466.) It is only where the tenant obtains the possession from the plaintiff in the writ, or under the same title, that a writ of forcible detainer can be maintained against him.

Now, as Crum did not obtain the possession of the premises in controversy from Taylor's heirs, it is evident, had he refused to deliver the possession to them, they could not have proceeded against him for a forcible detainer. And on the same principle, if Crum gave the possession to Marcum, as Crum himself could not have been turned out of the possession in this mode of proceeding by Taylor's heirs, neither could Marcum, who would occupy his position, nor Kirk who entered under him.

But if Marcum did not obtain the possession from Crum, still, the agreement by which Crum became the tenant of Taylor's heirs, cannot operate to the prejudice of Marcum, or change an amicable possession into one hostile and adversary.

Crum having purchased from Marcum by executory contract, became a *quasi* tenant, and held the possession for the benefit of his vendor's title, which his attitude estopped him to deny. Marcum had the legal power to dispossess him; and he could not by seeking shelter under another title, deprive him of this right. An at-

KIRK
*vs*
TAYLOR'S HEIRS.

When a tenant takes possession under one and then attorns to another, he is not liable for forcible detainer at the suit of the latter: (1 *Marsh.* 320: 2 *J. J. Marsh.*; 3 *Litt.* 466.)

A purchaser by executory contract, becomes a *quasi* tenant, and upon canceling the contract cannot as purchaser of another, assume a hostile attitude against his vendor: (2 *Dana*, 213.)

tornment to a stranger by a tenant during his occupancy, without the consent of his landlord, is not legal, does not disseize the landlord, nor transfer the title to the stranger; aud when the tenant leaves the premises the stranger cannot be deemed to have the possession: *Blue and others* vs *Sayre*, (2 *Dana*, 213.) The same doctrine applies in a case of *quasi* tenancy created by a contract of purchase not completed by a conveyance. It would be inconsistent with the relation that exists between the parties, to permit the vendee to make any contract with other persons, with the effect of prejudicing the rights of the vendor.

Upon the rescission of the contract, therefore, with Crum, Marcum was entitled to the possession of the premises. He had a right to enter when Crum left, and that entry not being upon any possession which Taylor's heirs had, did not authorize them to maintain a writ for forcible entry. Nor can they maintain a writ for a forcible detainer, against any person deriving the possession from Crum, inasmuch as he did not obtain the possession from them in the first instance.

The instructions to the jury on the trial in the Circuit Court, do not conform to the views of the law of the case contained in this opinion.

Wherefore, the judgment is reversed and cause remanded for a new trial, and further proceedings in conformity with this opinion.

*R. Wickliffe* for plaintiff; *Apperson* for defendants.