CASE 24—FORCIBLE DETAINER—DECEMBER 18.

## McMurtry vs. Adams.

APPEAL FROM GARRARD CIRCUIT COURT.

1. According to the common law and the old statutory law of Kentucky, a tenant's attornment, without the consent of the original landlord, was void, and the legal possession was not changed by it; but the Revised Statutes (*section* 16, *chapter* 80, 2 *Stanton*, 229) modified the pre-existing law, by providing that "the attornment of a tenant shall be void unless it be with the consent of the landlord, or pursuant to, or in consequence of, the judgment, order, or decree of a court."

2. By the law existing before the adoption of the Civil Code of Practice, a warrant of "forcible detainer" could not be maintained unless the tenant proceeded against, had originally entered under the plaintiff in the warrant (*Helm vs. Strader*, 1 *Marshall*, 323); but this doctrine is repealed by section 501 of the Civil Code, which provides that "it shall not be material whether the tenant received possession of the demised premises from his landlord, or became his tenant after obtaining possession."

3. An attornment, made pursuant to a judgment of a circuit court, is valid when the judgment was not superseded, although, in an appeal thereafter taken, the judgment was reversed and set aside; but if the conveyance made to the attornee, in pursuance of such judgment, should be set aside, then the tenant will hold under the original landlord, who will be entitled, as against the attornee, to the money paid to him by the tenant for rent.

McMurtry vs. Adams.

G. R. McKEE,                                          For Appellant,
                        CITED—
1 *Marshall*, 559 ; *Morgan vs. Ballard.*
17 *B. Mon.*, 18 ; *Payne vs. Vandeveer.*
1 *Marshall*, 323 ; *Helm vs. Strader.*

DUNLAP,                                              For Appellee,
                        CITED—
3 *Mar.*, 344 ; *Chiles vs. Stephens.*
5 *Littell*, 186 ; *Mattox vs. Helm.*
1 *Mon.*, 39 ; *Taylor vs. White.*
*Revised Statutes, sec.* 16, 2 *Stanton,* 229.
2 *Bibb*, 432 ; *Clinton vs. Clinton.*
4 *Bibb*, 524 ; *Harrison vs. Marshall.*

S. TURNER,                                          On same side.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

While the appellant was in possession of a house and lot in Lancaster, Kentucky, as the tenant for years of Mrs. McCreary, the owner, the appellee acquired the legal title under a decretal sale by the Garrard circuit court, which confirmed his purchase, and ordered a writ of *habere facias* to issue after the first of January, 1865, for putting him in possession.

Without a formal eviction by the writ, the appellant surrendered to the appellee, and took a lease from him, and afterwards, believing that he would be bound to restore the possession to his original lessor under whom he entered, he refused to yield it to the appellee, who thereupon proceeded by warrant of *"forcible detainer,"* and obtained a judgment for restitution to himself.

Whether such a summary proceeding authorized the judgment rendered on a traverse to the circuit court of Garrard, is the first question on this appeal.

According to the common law, and the old statutory law of Kentucky confirmatory of it, a tenant's attornment, without the consent of the original landlord, was void, and the legal possession was not changed by it. But the Revised Statutes modified this pre-existing law, by providing that "attornment of a tenant shall be void unless it be with the consent of the landlord, *or pursuant to, or in consequence of, the judgment, order, or decree of a court.*" (2 *Stanton's Rev. Stat., page* 229, *sec.* 16.)

According to what appears to us to be the inevitable effect of this enactment, the appellant's attornment to the appellee was legal, and he thereby became the tenant of the appellee in law as well as in fact.

By the law existing before the adoption of our Civil Code of Practice, a warrant of "*forcible detainer*" could not be maintained unless the tenant proceeded against had originally entered under the plaintiff in the warrant. (*Helm vs. Strader*, 1*st Marshall*, 323.)

But this doctrine is repealed by section 501 of the Civil Code, which provides, that "it shall not be material whether the tenant received possession 'of the demised premises from his landlord or became his tenant after obtaining possession of them."

Then the judgment we are now revising was right, unless, secondly, as urged in the appellant's answer, the pending in this court of an appeal for reversing the decretal sale of Mrs. McCreary's house should operate as a bar to this proceeding by warrant, or as a suspension of it until a final decision on that appeal.

Had the appeal been taken and operated as a *super-sedeas* before the appellee's lease, the appellant's attornment would have been void. But it was not taken until months afterwards, and no *supersedeas* ever suspended the judgment under which the appellee claims. Or if

this court, on that appeal, had, when this case was tried in the circuit court, as it has done since, set aside the decretal sale and remanded the cause to the circuit court for decision on the validity of the appellee's purchase at that sale, we should not doubt that the appellee's judgment ought to be reversed. But on the trial of this case in the circuit court, there then being neither reversal nor suspension of the decree for sale and conveyance, the judgment for restitution was right; and, being right on the facts then existing, no supervenient quashal of the sale or vacation of the deed of appellee can retroact so as to make it wrong. Whether right or wrong when rendered, is the only judicial question for our revision.

But should the appellee's conveyance be set aside, then the appellant will hold under Mrs. McCreary, and she will be entitled, as against the appellee, to the money paid to him by the appellant for rent.

Wherefore, the judgment, as rendered, is affirmed.