## Noble v. Neace.

March 5, 1943.

Moss Noble for appellant.

J. L. Stidham, O. J. Cockrell, Kash C. Williams and G. C. Allen for appellees.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming.

This is an appeal from a judgment finding appellees not guilty of forcible entry upon real estate which descended to the appellee, Mary Neace, and her eight brothers and sisters upon the death of their father. They had executed a deed (the infants acting through their guardian with the Court's approval) conveying the land to appellant, but the deed had not been delivered. On the contrary, it was being held by an attorney to whom appellant, pursuant to an agreement with the adult children, was to pay a part of the consideration as a fee for prosecuting the slayer of their father. The sale had been made in order to secure money for that purpose, but, because of a dispute which had arisen relative to the attorney's services, appellant had not paid a sufficient part of the consideration to entitle her to a delivery of the deed. If she had acquired actual possession of the property, her right to maintain an action for forcible entry against one entering upon that possession without her consent could not have been defeated by a mere showing that she lacked title; and the facts recited above are relevant to the controversy only insofar as they affect the validity of her claim that she had acquired possession through the attornment to her of a tenant who, prior to the execution of the deed and the title bond which preceded it, had been placed in possession by one of the joint owners. If the deed had been delivered to her and the tenant had thereafter, as the tenant testified, attorned to her and became her tenant at will or by sufferance, then, under the provisions of Subsection 2 of Section 452, Civil Code of Practice, she could have maintained forcible entry against appellees who, without the tenant's consent, had moved into the house a few days before the tenant abandoned it. But a tenant may not attorn to a person who has not succeeded to the title of his landlord; and since appellant had not acquired the title of the joint owners, the tenant's attornment to her was void. KRS 383.100 (KS 2298); Turner v. Thomas, etc., 13 Bush 518; Roberts v. Asher, 264 Ky. 73, 94 S. W. (2d) 289.

Appellant never acquired possession of the prop-

erty from which she attempted to eject appellees. Neither did she become the landlord in the eyes of the law of a tenant at will or by sufferance. Since only a person having the actual, as distinguished from the constructive, possession of property, or a landlord of such a tenant, may maintain forcible entry proceedings, the Court properly directed the jury to find appellees not guilty.

Judgment affirmed.